

## U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700          973/645-2700
Newark, NJ 07102

AUL/PL ACR
2001R00117

April 4, 2007

Lawrence S. Horn, Esq.
A. Ross Pearlson, Esq.
Sills Cummis Epstein & Gross P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102

CR 07-737 (MLC)

Re: Plea Agreement with Bear U.S.A., Inc.

Dear Messrs. Horn and Pearlson:

This letter sets forth the plea agreement between your client, Bear U.S.A., Inc. ("Bear"), and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from defendant Bear to a one-count Information which charges defendant Bear with conspiracy to structure transactions contrary to 31 U.S.C. § 5324(a)(3) & 5324(d)(2), in violation of 18 U.S.C. § 371. If defendant Bear enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Bear or its directors, officers and employees for knowingly and intentionally conspiring to structure, structuring and assisting in structuring numerous transactions with one or more domestic financial institutions, namely by purchasing numerous structured postal money orders from various post offices in New Jersey and New York from in or about April 2002 through in or about July 2002. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by defendant Bear may be commenced against it. Defendant Bear agrees to waive any statute of limitations with respect to any crime that would otherwise expire after defendant Bear signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 371 to which defendant Bear agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $500,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon defendant Bear is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence defendant Bear ultimately will receive.

Further, in addition to imposing any other penalty on defendant Bear, the sentencing judge: (1) will order defendant Bear to pay an assessment of $400 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order defendant Bear to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order defendant Bear, pursuant to 18 U.S.C. § 3555, to give notice to any victims of its offense; (4) must order forfeiture, pursuant to 31 U.S.C. § 5317(c)(1) and (4) pursuant to 18 U.S.C. § 3583, may require defendant Bear to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should defendant Bear be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, defendant Bear may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture Provisions

Pursuant to 31 U.S.C. § 5317(c)(1), defendant Bear U.S.A. agrees to forfeit $709,395 to the United States because such property was involved in the offense or traceable thereto or because such amount constitutes "substitute property" and is therefore subject to forfeiture in accordance with 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b).

Further, defendant Bear U.S.A. agrees that the forfeiture of this money is not excessive under the 8th Amendment to the United States Constitution, and is otherwise appropriate. This agreement on the part of Bear U.S.A. to forfeit assets to the United States shall in no way prevent the sentencing judge from ordering restitution and/or imposing a fine if the sentencing judge decides to do so in his or her discretion, and does not preclude the United States from seeking the forfeiture of other assets based on the information and evidence that this Office possesses as of the date of this agreement.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on defendant Bear by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of defendant Bear's activities and relevant conduct with respect to this case.

Stipulations

This Office and defendant Bear agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this

- 3 -

agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or defendant Bear from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and defendant Bear waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against defendant Bear. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against defendant Bear.

## No Other Promises

This agreement constitutes the plea agreement between defendant Bear and this Office and supersedes any previous agreements between them. No additional promises, agreements, or

conditions have been made or will be made unless set forth in writing and signed by the parties.

          Very truly yours,

          CHRISTOPHER J. CHRISTIE
          United States Attorney

          By: Adam S. Lurie
          Assistant U.S. Attorney

APPROVED:

Michael F. Buchanan Chief
Securities and Health Care Fraud Unit

    I have received this letter from Bear U.S.A.'s attorneys, Lawrence S. Horn, Esq. and A. Ross Pearlson, Esq., I have read it and I understand it fully. I hereby acknowledge that I have full authority to enter into this plea agreement on behalf of Bear U.S.A., Inc., I accept the terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

CONSENTED TO AND ACCEPTED BY
AUTHORIZATION OF THE BOARD OF
DIRECTORS OF Bear U.S.A., Inc.

_____    Date: 4/30/07
Corporate Officer of
Bear U.S.A., Inc.

_____    Date: 4/30/07
Lawrence S. Horn, Esq.
A. Ross Pearlson, Esq.
Counsel for Bear, U.S.A., Inc.

## Plea Agreement With Bear U.S.A., Inc.

### Schedule A

1. This Office and defendant Bear U.S.A., Inc. ("Bear") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and defendant Bear nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence defendant Bear within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and defendant Bear further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2001, applies in this case. The applicable guideline is U.S.S.G. § 8A1.2. The parties agree that the Court should determine what, if any, sentencing requirements should be imposed pursuant to U.S.S.G. § 8A1.2(a) including remedial orders and community service.

3. The parties agree that Bear did not operate primarily for a criminal purpose or primarily by criminal means. See U.S.S.G. § 8A1.2(b)(1).

4. The parties agree that pursuant to U.S.S.G. § 8A1.2(b)(2):

    a. An abbreviated determination of the guideline fine range is not warranted. See U.S.S.G. § 8A1.2(b)(2)(A).

    b. Pursuant to U.S.S.G. § 8A1.2(b)(2)(B), the parties agree that the Base Offense Level should be reduced to 6 from 20 (see U.S.S.G. §§ 8C2.3 & 2S1.3(a)(applying U.S.S.G. § 2B1.1(b)(1)(H))) because the defendant did not act with a reckless disregard of the source of the funds, the funds were the proceeds of lawful activity, and the funds were to be used for a proper purpose. See U.S.S.G. §§ 8C2.3 and 2S1.3(b)(2).

    c. Pursuant U.S.S.G. § 8A1.2(b)(2)(C), the parties agree that the base fine is $5,000. See U.S.S.G. § 8C2.4(d).

    d. Pursuant to U.S.S.G. § 8A1.2(b)(2)(D), the parties agree that the culpability score starts with 5 points. See U.S.S.G. § 8C2.5(a). The parties further agree that 1 point

- 6 -

is added because Bear had 10 or more employees and an individual within substantial authority personnel participated in and condoned the offense. See U.S.S.G. § 8C2.5(b)(5). Bear has clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct resulting in a decrease of 1 point. See U.S.S.G. § 8C2.5(g)(3). This results in a culpability score of 5 points.

   e. Pursuant to U.S.S.G. § 8A1.2(E), based upon a culpability score of 5 points, the parties agree that the minimum multiplier is 1 and the maximum multiplier is 2. See U.S.S.G. § 8C2.6.

   f. Pursuant to U.S.S.G. § 8A1.2(F), the parties agree that the minimum of the guideline fine range is $5000. See U.S.S.G. § 8C2.7(a). The parties further agree that maximum of the guideline fine range is $10,000. See U.S.S.G. § 8C2.7(b).

   g. Pursuant to U.S.S.G. § 8C2.9, the parties agree that no amount should be added to the fine.

   5. The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein. The parties further agree that a sentence within a Guidelines range of 6 and a fine of between $5,000 and $10,000 is reasonable.

   6. Defendant Bear knows that it has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a Guidelines offense level of 6 and within or below a fine of between $5,000 and $10,000. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a Guidelines offense level of 6 and within or about a fine of between $5,000 and $10,000. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

- 7 -

7. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

- 8 -